**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs.                                                          )<br>)<br>JEFFREY MARK OLSON,                        )<br>)<br>                 Defendant.           ) | No. IP 02-164-CR-B/F<br>1:05-cv-1683-SEB-VSS |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

This cause is before the court on the motion of Jeffrey Mark Olson for relief pursuant to 28 U.S.C. § 2255, on the United States' response to that motion, on Olson's reply to the United States' response and on Olson's motion for leave to amend.

Whereupon the court, having considered the pleadings and motions, and having also examined the record in the underlying criminal action, and being duly advised, now (1) **grants** Olson's motion for leave to amend and (2) finds that motion for relief pursuant to § 2255 must be **denied.** This disposition regarding the § 2255 motion rests on the following facts and circumstances:

   1.      Olson pled guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1), and was sentenced on June 19, 2003. The written Judgment was entered on the clerk's docket on June 24, 2003. The last day on which Olson could have filed an appeal from this disposition was July 8, 2003. No appeal was filed by that date or thereafter.

   2.      The present action was filed on November 9, 2005.

   3.      An earlier § 2255 action was filed on June 28, 2004, and was dismissed without prejudice on July 15, 2004.

   4.      Pursuant to 28 U.S.C. § 2255 ¶6(1), and subject to exceptions not applicable here, Olson had one (1) year from the date his conviction was final in which to file an action pursuant to § 2255. His conviction became final on July 8, 2003, the last day on which he could have filed on appeal. *See Moshier v. United States,* 402 F.3d 116, 118 (2d Cir. 2005) (Unappealed criminal judgment becomes final for purposes of calculating the limit for filing collateral attack when time for filing a direct appeal expired--10 business days after entry of judgment) (citing Fed.R.App.P., 4(b) and 26(a)(2)); *Sanchez-Castellano v. United States,* 358 F.3d 424, 426 (6th Cir. 2004) (holding that one-year limitation period begins to run ten

days after entry of the judgment of sentence for a defendant who does not pursue a direct appeal). The statute of limitations expired on July 8, 2004. By filing his § 2255 motion on November 9, 2005, Olson filed 14 months too late.

5.  Olson resists dismissal of his motion as untimely by arguing that he has been diligent in seeking records concerning the disposition of a prior state conviction and in seeking to have a different state conviction vacated. However, a showing of diligent effort does not toll the running of the statute of limitations, the Vigo County charge (not a conviction) was dismissed on January 16, 2004 (far more than a year before this action was filed), and he provides no documentation that the LaPorte County conviction has in fact been vacated.

6.  Olson also argues that, because he filed this § 2255 action within one (1) year from the January 12, 2005, decision in *United States v. Booker,* 543 U.S. 220 (2005), he can rely on the holding in *Dodd v. United States,* 125 S. Ct. 738 (2005), to render that filing timely under § 2255 ¶ 6(3). The Court in *Dodd* addressed the language of § 2255 ¶ 6(3), commencing the one year limitations period for filing a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255, ¶ 6(3). 125 S. Ct. at 2481 (quoting the statute). The Court explained that "Paragraph 6(3) identifies *one date and one date only* as the date from which the one 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Id.,* at 2482 (emphasis in original). The second clause of ¶ 6(3) limits its application to rights "newly recognized" and "made retroactively applicable on collateral review." *Id.*

   a.  The Seventh Circuit Court of Appeals has held that *Booker* is not to be applied retroactively. *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). As explained in *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005), defendants whose judgments became final before *Booker* was decided are "out of luck, because *Booker* is not retroactive." The Supreme Court has not held to the contrary. This means that

   > ¶ 6(3)'s date--"the date on which the right asserted was initially recognized by the Supreme Court"--does not apply at all if the conditions in the second clause-the right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"--have not been satisfied. As long as the conditions in the second clause are satisfied so that ¶ 6(3) applies in the first place, that clause has no impact whatsoever on the date from which the 1-year limitation period in ¶ 6(3) begins to run. Thus, if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion. *He may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met.*

*Dodd,* 125 S. Ct. at 2482 (emphasis added); *see also Jackson v. United States,* 2006 WL 1043080 (N.D.Ind. 2006).

b.  Olson's reliance on *Dodd* is not enough in the absence of a holding that *Booker's* ruling is to be applied retroactively.

7.  Olson's motion is thus untimely and must be dismissed on that basis. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: 05/24/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana